

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2015 6:03:33 PM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

RODOLFO ZALDIVAR,

        Plaintiff,

                                  No.   D-202-CV-2015-03591

vs.

TEX ENERGY RESOURCES, L.L.C.,
DOMINANT OIL FIELD, and
ARMEL S. REYES,

        Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW, Plaintiff Rodolfo Zaldivar, by and through his attorneys of record FADDUOL, CLUFF, HARDY & CONAWAY, P.C. (Manuel Hernandez and E. Marvin Romero), and for cause of action herein over and against Defendants, Plaintiff would show the Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a resident of Lea County, New Mexico.

2.     Upon information and belief, Defendant Tex Energy Resources, L.L.C. is a foreign limited liability company that is not registered to conduct business in the State of New Mexico. It may be served with service of process through its registered agent, Sonia Gutierrez-Chavez, 1216 Alpine, Odessa, Texas 79762, or wherever it may be found.

3.     Upon information and belief, Defendant Dominant Oil Field is a foreign unincorporated entity not registered to conduct business in the State of New Mexico. Dominant Oil Field may be served at 3001 Gagle, Odessa, Texas 79762, or wherever it may be found.

4.      Upon information and belief, Defendant Armel S. Reyes is an individual that may be served with service of process at 9507 Wakefield Village Dr., Houston, Texas 77095, or wherever he may be found.

5.      The Court has jurisdiction of this cause of action because the events and occurrences giving rise to the injuries and damages suffered by Plaintiff occurred in New Mexico. Additionally, venue is proper in Bernalillo County, New Mexico, as this is a transitory action against a foreign corporation without a registered agent that may be brought in any county of the state.  NMSA 1978, §38-3-1(F).  Additionally, Defendant Reyes is also a non-resident, and suit may be brought against him in any county of the state.  *See id* at §38-3-1(F).

## II. GENERAL ALLEGATIONS

6.      The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

7.      The incident occurred on February 1, 2015, in Lea County, New Mexico.

8.      Defendant Armel S. Reyes was driving a commercial 18-wheeler owned by Dominant Oil Field and/or Tex Energy Resources, L.L.C.

9.      Defendant Reyes was traveling northbound on SR 18 in Lea County, New Mexico in his 18-wheeler. Defendant Reyes approached the intersection of SR 18 and SR 176, when suddenly and without warning he rear ends Plaintiff, who was properly at a complete stop at the intersection. Defendant Reyes was cited for following too closely.

10.      As a result, Plaintiff sustained damages.

## III. ALLEGATIONS AGAINST DEFENDANT REYES

11.      The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

**Negligence**

12.     At all times relevant to the allegations of this complaint, Defendant Reyes had a duty to act as a reasonable and prudent motorist. Defendant Reyes breached this duty and was negligent.  Defendant Reyes's negligence includes, but is not limited to, the following acts and/or omissions:

        a.     in driving at a speed greater than reasonable under the circumstances;

        b.     in failing to control his speed;

        c.     in failing to keep a proper lookout;

        d.     in driver inattention;

        e.     in following too closely;

        f.     in operating a vehicle in a careless manner;

        g.     in operating a vehicle in a reckless manner;

        h.     in failing to apply his brakes in a timely manner; and

        i.     in failing to take proper evasive action.

13.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

**Negligence *Per Se***

14.     Defendant Reyes has violated New Mexico Statute 66-8-113 by driving a vehicle in willful or wanton disregard of the safety of others, without due caution, and at a speed or in a manner so as to endanger any person.  This section proscribes certain action and/or creates a standard of conduct and Defendant Reyes conduct represents an unexcused violation of this standard. Plaintiff belongs to the class of persons that this statute was meant to protect, and the harm or injury is generally of the type this statute seeks to prevent.

15.   Defendant Reyes has violated New Mexico Statute 66-8-114 by failing to give his full time and attention to the operation of a vehicle.  This section proscribes certain action and/or creates a standard of conduct and Defendant Reyes's conduct represents an unexcused violation of this standard.  Plaintiff belongs to the class of persons that this statute was meant to protect, and the harm or injury is generally of the type this statute seeks to prevent.

16.   Defendant Reyes has violated New Mexico Statute 66-7-301 by driving at a speed greater than reasonable under the circumstances and by failing to control his speed to avoid colliding with another motorist.  This section proscribes certain action and/or creates a standard of conduct and Defendant Reyes conduct represents an unexcused violation of this standard.  Plaintiff belongs to the class of persons that this statute was meant to protect, and the harm or injury is generally of the type this statute seeks to prevent.

**Punitive Damages**

17.   Defendant Reyes's acts and/or omissions described herein were malicious, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages. The acts and/or omissions described herein were committed by Defendant Reyes and as such, Plaintiff is entitled and should therefore recover a punitive damages award in an amount to be determined by a jury.

### IV. ALLEGATIONS AGAINST DEFENDANT TEX ENERGY RESOURCES, L.L.C.

18.   The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

**Strict Product Liability**

19.   Defendant Tex Energy Resources, L.L.C. is strictly liable for the damages proximately caused to Plaintiff by virtue of giving or lending its truck trailer to Defendant

4

Reyes, when it knew or had reason to know that it was likely to be dangerous for the use for which it was given or lent pursuant to the Restatement of Torts Second § 405 (1965).

***Respondeat Superior***

20.    Defendant Tex Energy Resources, L.L.C. is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its agent/employee, Defendant Reyes and/or others. At all times material to the allegations contained in this complaint, Defendant Reyes and/or others were employees, officers, and/or agents of Defendant Tex Energy Resources, L.L.C. and were acting within the course and scope of their employment and/or agency and were negligent.

21.    The negligence of Defendant Tex Energy Resources, L.L.C.'s employee(s), officers, and/or agents was the proximate cause of Plaintiff's injuries and damages. Therefore, Defendant Tex Energy Resources, L.L.C. is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, officers, and/or agents under theory of *respondeat superior.*

**Negligent Entrustment**

22.    Defendant Tex Energy Resources, L.L.C. is further liable to Plaintiff for negligently entrusting a vehicle to Defendant Reyes.  At the time of the incident made the basis of this suit, Defendant Tex Energy Resources, L.L.C. was the owner of the vehicle or in control of the vehicle that caused Plaintiffs' injuries.

23.    Defendant Tex Energy Resources, L.L.C. entrusted its vehicle to Defendant Reyes who it knew or should have known was an incompetent and/or reckless driver and knew or should have known was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

24.     Defendant Reyes, the driver of Defendant Tex Energy Resources, L.L.C.'s vehicle, was negligent in the operation of the vehicle and that negligence proximately caused the injuries sustained by Plaintiffs.

**Negligence**

25.     At all relevant times to this cause of action, Defendant Tex Energy Resources, L.L.C. had a duty to act as a reasonable and prudent employer and trucking company. Defendant Tex Energy Resources, L.L.C. breached this duty and was negligent. Defendant Tex Energy Resources, L.L.C.'s negligence includes but is not limited to the following acts and/or omissions:

a.    In hiring Defendant Reyes to be a driver;

b.    In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Reyes;

c.    In retaining Defendant Reyes as a driver when it knew or reasonably should have known that he was incompetent and/or dangerous;

d.    In failing to adequately train and instruct Defendant Reyes as a driver of a commercial motor vehicle;

e.    In failing to adequately supervise Defendant Reyes in the discharge of his duties as an operator of a commercial motor vehicle;

f.    In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

g.    In failing to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles/trailers;

h.    In failing to properly maintain its vehicles/trailers in compliance with applicable state and federal law;

i.    In allowing the vehicle/trailer involved in this incident to be operated when it was unsafe to do so;

j.    In failing to properly inspect its vehicles/trailers, including the vehicle/trailer involved in this incident, to ensure a safe operating condition and/or compliance with all applicable state and/or federal laws.

k.    In negligently controlling the Defendant Reyes's operation of the tractor-trailer utilized by Defendant Reyes at the time of this incident;

l.     In negligently scheduling and or dispatching Defendant Reyes's when it was improper to do so;

m.    In negligently scheduling and/or dispatching Defendant Reyes in such a manner that Defendant Tex Energy Resources, L.L.C. knew would cause Defendant Reyes to violate regulations concerning the hours of operation of his tractor-trailer;

n.    In negligently scheduling and/or dispatching Defendant Reyes in such a manner that it was foreseeable to Defendant Tex Energy Resources, L.L.C. that Defendant Reyes would drive aggressively and/or violate traffic laws and regulations in order to attempt to maintain his schedule and/or dispatches;

o.    In failing to utilize computerized logging/tracking of the movements of Defendant Reyes's tractor-trailer in such a manner as to detect aggressive driving, violations of traffic laws and regulations and violations of safe driving practices;

p.    In failing to require Defendant Reyes to comply with regulations concerning the proper logging requirements of his commercial driver's license; and

q.    In many other respects.

26.    Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**Punitive Damages**

27.    A corporation may be held liable for punitive damages for the misconduct of its employees. The actions of Defendant's employees viewed in the aggregate determine that Defendant had the requisite culpable mental state because of the cumulative conduct of the employees. *See Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 18, 118 N.M. 266. "The culpable mental state of the corporation, however, may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences." *Id.* ¶ 20. The totality of circumstances can indicate "a wanton or reckless

disregard for the lives, safety or property of other persons." *Id.* ¶ 18; *See Coates v. Wal–Mart Stores, Inc.*, 1999–NMSC–013, ¶¶ 47–48, 127 N.M. 47 (the Court relied on *Clay*'s cumulative conduct theory in analyzing a jury's verdict and punitive future damage awards).

28.     Defendant Tex Energy Resources, L.L.C.'s acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages.

29.     The acts and/or omissions described herein were committed by Defendant Tex Energy Resources, L.L.C.'s employees/agents possessing the requisite amount of authority such that Defendant Tex Energy Resources, L.L.C. is directly and/or vicariously liable.

30.     Furthermore, Defendant Tex Energy Resources, L.L.C. is directly and/or vicariously liable for punitive damages based on the conduct of Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals.

31.     Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals were acting in the scope of their employment with Defendant Tex Energy Resources, L.L.C. and had sufficient discretionary authority to speak and act for it with regard to the conduct at issue, independent of higher authority.

32.     Defendant Tex Energy Resources, L.L.C. further authorized, participated in or ratified the conduct of Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals.

33.     The malicious, willful, reckless and/or wanton conduct committed by Defendant Tex Energy Resources, L.L.C. was pursuant to a pattern and practice involving various activities which cumulatively constituted acts of punitive conduct.

## V. ALLEGATIONS AGAINST DEFENDANT DOMINANT OIL FIELD

34.     The allegations of the preceding and succeeding paragraphs are incorporated herein by reference.

### Strict Product Liability

35.     Defendant Dominant Oil Field is strictly liable for the damages proximately caused to Plaintiff by virtue of giving or lending its truck trailer to Defendant Reyes, when it knew or had reason to know that it was likely to be dangerous for the use for which it was given or lent pursuant to the Restatement of Torts Second § 405 (1965).

### *Respondeat Superior*

36.     Defendant Dominant Oil Field is vicariously liable for the damages proximately caused to Plaintiff by virtue of the negligent conduct of its agent/employee, Defendant Reyes and/or others. At all times material to the allegations contained in this complaint, Defendant Reyes and/or others were employees, officers, and/or agents of Defendant Dominant Oil Field and were acting within the course and scope of their employment and/or agency and were negligent.

37.     The negligence of Defendant Dominant Oil Field's employee(s), officers, and/or agents was the proximate cause of Plaintiff's injuries and damages. Therefore, Defendant Dominant Oil Field is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, officers, and/or agents under theory of *respondeat superior.*

### Negligent Entrustment

38.     Defendant Dominant Oil Field is further liable to Plaintiff for negligently entrusting a vehicle to Defendant Reyes.  At the time of the incident made the basis of this suit, Defendant Dominant Oil Field was the owner of the vehicle or in control of the vehicle that caused Plaintiffs' injuries.

39.    Defendant Dominant Oil Field entrusted its vehicle to Defendant Reyes who it knew or should have known was an incompetent and/or reckless driver and knew or should have known was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

40.    Defendant Reyes, the driver of Defendant Dominant Oil Field's vehicle, was negligent in the operation of the vehicle and that negligence proximately caused the injuries sustained by Plaintiffs.

**Negligence**

41.    At all relevant times to this cause of action, Defendant Dominant Oil Field had a duty to act as a reasonable and prudent employer and trucking company. Defendant Dominant Oil Field breached this duty and was negligent. Defendant Dominant Oil Field's negligence includes but is not limited to the following acts and/or omissions:

a.    In hiring Defendant Reyes to be a driver;

b.    In failing to conduct a thorough and proper investigation into the record, background, and or qualifications of Defendant Reyes;

c.    In retaining Defendant Reyes as a driver when it knew or reasonably should have known that he was incompetent and/or dangerous;

d.    In failing to adequately train and instruct Defendant Reyes as a driver of a commercial motor vehicle;

e.    In failing to adequately supervise Defendant Reyes in the discharge of his duties as an operator of a commercial motor vehicle;

f.    In failing to implement and/or enforce adequate policies and procedures for the safe operation of commercial motor vehicles;

g.    In failing to implement and/or enforce adequate policies and procedures for the safe maintenance of commercial motor vehicles/trailers;

h.    In failing to properly maintain its vehicles/trailers in compliance with applicable state and federal law;

i.   In allowing the vehicle/trailer involved in this incident to be operated when it was unsafe to do so;

j.   In failing to properly inspect its vehicles/trailers, including the vehicle/trailer involved in this incident, to ensure a safe operating condition and/or compliance with all applicable state and/or federal laws.

k.   In negligently controlling the Defendant Reyes's operation of the tractor-trailer utilized by Defendant Reyes at the time of this incident;

l.   In negligently scheduling and or dispatching Defendant Reyes's when it was improper to do so;

m.   In negligently scheduling and/or dispatching Defendant Reyes in such a manner that Defendant Dominant Oil Field knew would cause Defendant Reyes to violate regulations concerning the hours of operation of his tractor-trailer;

n.   In negligently scheduling and/or dispatching Defendant Reyes in such a manner that it was foreseeable to Defendant Dominant Oil Field that Defendant Reyes would drive aggressively and/or violate traffic laws and regulations in order to attempt to maintain his schedule and/or dispatches;

o.   In failing to utilize computerized logging/tracking of the movements of Defendant Reyes's tractor-trailer in such a manner as to detect aggressive driving, violations of traffic laws and regulations and violations of safe driving practices;

p.   In failing to require Defendant Reyes to comply with regulations concerning the proper logging requirements of his commercial driver's license; and

q.   In many other respects.

42.   Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

**Punitive Damages**

43.   A corporation may be held liable for punitive damages for the misconduct of its employees. The actions of Defendant's employees viewed in the aggregate determine that Defendant had the requisite culpable mental state because of the cumulative conduct of the

employees. *See Clay v. Ferrellgas, Inc.*, 1994-NMSC-080, ¶ 18, 118 N.M. 266. "The culpable mental state of the corporation, however, may be inferred from the very fact that one employee could be ignorant of the acts or omissions of other employees with potentially disastrous consequences." *Id.* ¶ 20. The totality of circumstances can indicate "a wanton or reckless disregard for the lives, safety or property of other persons." *Id.* ¶ 18; *See Coates v. Wal Mart Stores, Inc.*, 1999–NMSC–013, ¶¶ 47–48, 127 N.M. 47 (the Court relied on *Clay*'s cumulative conduct theory in analyzing a jury's verdict and punitive future damage awards).

44.     Defendant Dominant Oil Field's acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages.

45.     The acts and/or omissions described herein were committed by Defendant Dominant Oil Field's employees/agents possessing the requisite amount of authority such that Defendant Dominant Oil Field is directly and/or vicariously liable.

46.     Furthermore, Defendant Dominant Oil Field is directly and/or vicariously liable for punitive damages based on the conduct of Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals.

47.     Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals were acting in the scope of their employment with Defendant Dominant Oil Field and had sufficient discretionary authority to speak and act for it with regard to the conduct at issue, independent of higher authority.

48.     Defendant Dominant Oil Field further authorized, participated in or ratified the conduct of Defendant Reyes and/or its other agents, employees, officers, principals and vice-principals.

49.     The malicious, willful, reckless and/or wanton conduct committed by Defendant Dominant Oil Field was pursuant to a pattern and practice involving various activities which cumulatively constituted acts of punitive conduct.

## V.  DAMAGES

50.     The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

51.     As a result of the above-mentioned negligent acts of Defendants, Plaintiff sustained major injuries and has suffered and will continue to suffer from great physical pain.

52.     As a result of the collision, Plaintiff has incurred and will continue to incur expenses for medical care, treatment and services, past, present, and future.

53.     As a result of the collision, Plaintiff has sustained physical pain and suffering, which still continues, and which will continue into the future.  As a result of such pain, Plaintiff has been precluded from many of their normal activities, and has suffered loss of enjoyment of life.

54.     As a result of the collision, Plaintiff has suffered and will continue to suffer emotional pain and mental anguish.

55.     Plaintiffs are entitled to recover from Defendants  compensatory and punitive damages in such amounts allowed by law and as determined by the fact finders in this case, as well as any and all such other damages or other relief available under New Mexico law as determined appropriate by the Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, and that the Court issues an order granting the following relief:

a.   Recovery of a reasonable monetary award or awards as compensatory damages, in amounts and to extent to be proven at trial;

b.   Pre-judgment and post-judgment interest thereon at the rate determined by law;

c.   Plaintiff's costs in the action; and

d    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.

/s/ Manuel Hernandez
Manuel Hernandez
3301 San Mateo Blvd NE
Albuquerque, NM 87110
Telephone: (505) 243-6045
Facsimile: (505) 243-6642
mhernandez@fchclaw.com

**Attorneys for Plaintiff**

14

**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**4/29/2015 6:03:33 PM**
**James A. Noel**
**Patricia Serna**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

RODOLFO ZALDIVAR,

        Plaintiff,

No.    D-202-CV-2015-03591

vs.

TEX ENERGY RESOURCES, L.L.C.,
DOMINANT OIL FIELD, and
ARMEL S. REYES,

## JURY DEMAND

    Plaintiff Rodolfo Zaldivar, by and through his attorneys of record, Fadduol, Cluff, Hardy & Conaway, P.C. (E. Marvin Romero), demands a trial by a twelve-person jury of all issues triable of right by jury and hereby tenders the sum of $300.00 for jury fee.

        Respectfully Submitted,

        FADDUOL, CLUFF, HARDY &

        CONAWAY, P.C.

        */s/ E. Marvin Romero*
        E. Marvin Romero
        3301 San Mateo Blvd. NE
        Albuquerque, New Mexico 87110
        Telephone: (505) 243-6045
        Fax: (505) 243-6642
        *Attorney for Plaintiffs*

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/29/2015 6:03:33 PM
James A. Noel
Patricia Serna

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

RODOLFO ZALDIVAR,

        Plaintiff,

                                     No.   D-202-CV-2015-03591

vs.

TEX ENERGY RESOURCES, L.L.C.,
DOMINANT OIL FIELD, and
ARMEL S. REYES,

## COURT-ANNEXED  ARBITRATION CERTIFICATION

Plaintiff Rodolfo Zaldivar, and Fadduol, Cluff, Hardy and Conaway,  P.C., (E. Marvin Romero)

pursuant to Second Judicial District Local Rule 2-603, certifies as follows:

_____This party seeks <u>only a money judgment and the amount  sought  does not exceed</u>

twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney

fees.

 X   This party seeks relief <u>other  than  a money  judgment and/or  seeks relief in excess of</u>

twenty-five thousand dollars ($25,000.00) exclusive of punitive damages, interest, costs and attorney

fees.

                        Signature: */s/ E. Marvin Romero*

               Printed Name:  E. Marvin Romero

                  Law Firm:  Fadduol, Cluff, & Hardy, P.C.

                     Address:    1020 Lomas Blvd. NW . Suite 3

             City/State/Zip:  Albuquerque, NM 87102

                  Phone/Fax:  505-243-6045/ 505-243-6642

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/21/2015 1:00:39 PM
James A. Noel
Jane Shrader

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

RODOLFO ZALDIVAR,

          Plaintiff,

                             No. D-202-CV-2015-03591

vs.

TEX ENERGY RESOURCES, L.L.C.,
DOMINANT OIL FIELD,
DNM OILFIELD SERVICES INC.,
and ARMEL S. REYES,

          Defendants.

## MOTION TO WITHDRAW

**COMES NOW,** Movants, Fadduol, Cluff, Hardy & Conaway, P.C., attorneys for Plaintiff Rodolfo Zaldivar, hereby request the Court to allow them to withdraw their representation of Plaintiff Rodolfo Zaldivar. As grounds therefore, Movants state:

The law firm of Fadduol, Cluff, Hardy & Conaway, P.C. is the current counsel of record for Plaintiff Rodolfo Zaldivar. The firm previously represented Plaintiff in this matter; however, on July 17, 2015 Rodolfo Zaldivar notified our firm that he no longer wanted our representation. *See* Exhibit 1: Zaldivar Fax. Mr. Zaldivar indicated that he had or was actively seeking other legal representation, so our firm waited for the appropriate time to motion this Court with a substitution of counsel. To date, Fadduol, Cluff, Hardy & Conaway, P.C. has not been contacted by another law firm and/or attorney.

Pursuant to 16-116(A)(3) of the Rules of Professional Conduct, counsel for Plaintiff Rodolfo Zaldivar respectfully withdraws as counsel of record. Rodolfo Zaldivar's last known

1

address is:

> 302 West Clinton
> Hobbs, NM 88240

A true and correct copy of this Motion will be sent by certified mail and regular mail to this address.

In accordance with Rule 1-089(B), Jaime Vega should have twenty (20) days after an order allowing the law firm of Fadduol, Cluff, Hardy & Conaway, P.C. to withdraw is signed in which to secure counsel or be deemed to have entered an appearance *pro se*.

There has been no Entry of Appearances filed by opposing counsel, nor has there been and Answer filed. As such, our firm did not confer with opposing counsel in regards to this motion.

WHEREFORE, for the foregoing reasons, Fadduol, Cluff, Hardy & Conaway, P.C., respectfully request that this Court grant their motion to withdraw as attorneys of record for Plaintiff in this matter.

> Respectfully submitted,
>
> FADDUOL, CLUFF, HARDY & CONAWAY, P.C.
>
> */s/ E. Marvin Romero*
> E. Marvin Romero
> 3301 San Mateo Blvd. NE
> Albuquerque, NM 87110
> ATTORNEYS FOR PLAINTIFF

2

To: Faddwol, Cluff & Hardy P.C

From: Rodolfo Zaldivar

As of today 07/17/15 I am no longer needing for your law firm to represent me. I will seek legal advice from another attorney that can attend to me personally. Thank You for your service

Sincerelly

x _____ 07/17/15
Rodolfo Zaldivar

FILED IN MY OFFICE
DISTRICT COURT CLERK
11/4/2015 12:17:52 PM
James A. Noel
Gena Lopez

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**RODOLFO ZALDIVER**

V.

**TEX ENERGY RESORCES LLC, ET AL**                No: D-202-CV-2015-03591

## NOTICE OF MOTION HEARING

## WITHDRAWING COUNSEL MUST INSTRUCT HIS CLIENT
## TO ATTEND THE HEARING

NOTICE IS HEREBY GIVEN that a hearing in this case has been set before the Honorable Clay Campbell, as follows:

| | |
|---|---|
| Date of Hearing: | **Tuesday, 1st day of December, 2015 at 9:40 AM** |
| Place of Hearing: | Courtroom 702 |
| | Second District Judicial Court |
| | 400 Lomas NW |
| | Albuquerque, NM 87102 |
| Matter to be Heard: | MTN: TO WITHDRAW |
| Comments: | FADDUOL, CLUFF, HARDY & CONAWAY PC MOTION TO WITHDRAW |
| | (FILED 10/21/15) |
| Length of Hearing: | 10 Minutes |

If this hearing requires more or less time than the court has designated, or if this hearing conflicts with any prior setting, please contact us immediately as continuances may not be granted on late notice. The District Court complies with the Americans with Disabilities Act. Counsel or PRO SE persons may notify the Clerk of the Court of the nature of the disability at least five (5) days before ANY hearing so appropriate accommodations may be made. Please contact us if an interpreter will be needed.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

## CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Bernalillo County, New Mexico, do hereby certify that I served a copy of this document to all parties entitled to notice on filing date.

*Russell Garcia*

By: _____

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**RODOLFO ZALDIVAR,**

             **Plaintiff,**

-vs-                        **No.**    D-202-CV-2015-03591

**TEX ENERGY RESOURCES, L.L.C.,**
**DOMINANT OIL FIELD, and**
**ARMEL S. REYES**

             **Defendants.**

## LIMITED ENTRY OF APPEARANCE

      **COMES NOW**, the law firm of Riley, Shane & Keller, P.A. (Mark J. Riley and Todd

J. Bullion), and hereby enters its limited appearance on behalf of the Defendants for the

limited purpose of contesting In Personam Jurisdiction over Tex Energy Resources, LLC and

Armel S. Reyes in the above-entitled and numbered cause of action.

                       Respectfully submitted,

                       **RILEY &  SHANE, P.A.**

                 By:   */s/ Mark J. Riley*_____
                     **MARK J. RILEY**
                     **TODD J. BULLION**
                     *Attorneys for Defendants*
                     3880 Osuna Rd., NE
                     Albuquerque, NM  87109
                     (505) 883-5030

The undersigned hereby certifies that a
true and correct copy of the foregoing was
mailed to opposing parties:

E. Marvin Romero
Fadduol, Cluff, Hardy & Conaway, P.C.
3301 San Mateo Blvd., NE
Albuquerque, NM 87110
*Attorneys for Plaintiff*

on this 10th day of November, 2015.

  /s/ Mark J. Riley
Mark J. Riley